Kaitlyn M. Coker
State Bar No. 241152641
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Telephone: (214) 242-9607

**ATTORNEYS FOR CREDITORS/MOVANTS**
**F2 EQUITIES, LLC, JK CAPITAL PARTNERS, LLC, AND**
**CANEI CAPITAL GROUP, LLC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** § | |
| § | **CASE NO. 24-34773** |
| **Nathan Fuller, Debtor** § | |
| § | **CHAPTER 7** |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

F2 Equities LLC, Canei Capital Group LLC, and JK Capital Partners LLC (collectively, "Movants"), creditors and Parties-In-Interest in the above-referenced case, respectfully move this Court for an Order lifting the automatic stay imposed under 11 U.S.C. § 362 and permitting Movants to continue their pending state court litigation in the 134th Judicial District Court of Dallas County, Texas, Cause No. DC-24-08435. In support of this Motion, Movants show the Court the following:

**I.   SUMMARY OF RELIEF REQUESTED**

1. Movants request that the Court grant relief from the automatic stay to allow Movants to continue prosecuting their civil claims against Nathan Fuller in state court, including their motion for contempt based on Fuller's willful violations of a court-ordered Receivership and Temporary Injunction issued by the 134th District Court. The stay should be lifted because Fuller has engaged

in bad faith conduct by hiding assets and attempting to use bankruptcy as a shield to avoid accountability for his fraudulent conduct.

## II. BACKGROUND

2. **State Court Action**: Movants collectively invested significant funds with Nathan Fuller and Privvy Investments LLC, based on misrepresentations that these funds would be used for cryptocurrency investments. Instead, Fuller misappropriated these funds, transferring assets to personal accounts and concealing assets from creditors.

3. **Receivership and Injunction**: On July 12, 2024, the state court issued a Temporary Injunction enjoining Fuller from transferring or concealing assets.[1] On October 3, 2024, the court further appointed a Receiver to secure Fuller's assets.[2] Despite these orders, Fuller has continued to move and hide assets, including cash, vehicles, and electronic storage devices.[3]

4. **Bankruptcy Filing**: On October 10, 2024, after repeated violations of the state court orders,[4] Fuller filed for bankruptcy under Chapter 7 in an apparent attempt to escape the jurisdiction of the state court and prevent Movants from recovering the assets they are entitled to.

## III. ARGUMENTS AND AUTHORITIES

### A. Cause Exists to Lift the Automatic Stay – 11 U.S.C. § 362(d)(1)

5. Under 11 U.S.C. § 362(d)(1), the Court may lift the automatic stay for cause. The Fifth Circuit and bankruptcy courts have consistently held that bad faith filings constitute sufficient cause for relief from the stay. *See In re Little Creek Development Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986); *In re Sentry Park, Ltd.*, 87 B.R. 427, 429–30 (Bankr. W.D. Tex. 1988). In this case,

---

[1] *See* Temporary Injunction, Exhibit A, App. 001–007.
[2] *See* Order Appointing Receiver, Exhibit B, App. 008–025.
[3] *See* Affidavit of Harvey Thompson, Exhibit C, App. 026–028.
[4] *See* Plaintiffs' First Supplement to Plaintiffs' Motion for Contempt, Exhibit D, App. 029–039; *see also* Order to Show Cause, Exhibit E, App. 040–042.

there is ample evidence that Nathan Fuller filed for bankruptcy in bad faith to avoid state court sanctions and continue hiding assets.

6. ***Fuller's Bad Faith in Concealing Assets***: Fuller has been observed moving assets in defiance of the Receivership and Temporary Injunction.[5] Notably, Fuller has transferred boxes and other concealed bags, transporting them to multiple locations.[6] These actions strongly suggest that Fuller is attempting to conceal assets and deprive creditors of their rightful recovery.

7. ***Fuller's Attempt to Use Bankruptcy as a Shield***: Fuller's bankruptcy filing comes directly on the heels of his continued violations of state court orders.[7] It is clear that Fuller is using bankruptcy as a tool to evade the state court's authority and prevent creditors from recovering assets that should be subject to the Receivership. The timing of the bankruptcy filing, coupled with Fuller's ongoing fraudulent conduct, supports a finding of bad faith.

**B. Judicial Economy and Efficiency Favor Lifting the Stay**

8. Lifting the automatic stay would also promote judicial economy. The issues underlying the state court action, including Fuller's contemptuous conduct, are already well-developed, and the state court is in the best position to determine whether Fuller has violated its prior orders. Continuing the litigation in state court would prevent the need for duplicative proceedings in bankruptcy court, saving time and resources for all parties.

**C. The State Court's Jurisdiction and Police Powers Exception – 11 U.S.C. § 362(b)(4)**

9. Additionally, the automatic stay does not prevent the exercise of a court's police or regulatory powers under 11 U.S.C. § 362(b)(4). The contempt proceedings in state court, which involve enforcement of a Receivership and Temporary Injunction, fall within the state court's

---

[5] Ex. C, App. 026–028.
[6] *Id.*
[7] Ex. D, App. 029–039; Ex. E, App. 040–042.

regulatory and judicial enforcement powers. The state court's enforcement of its orders is critical to maintaining the integrity of the judicial process.

**D. Movants' Interest in the Assets Would Be Irreparably Harmed if the Stay Remains in Place**

10. Movants' interest in recovering the misappropriated assets would be irreparably harmed if the stay is not lifted. Fuller has demonstrated a pattern of concealing assets, and if Movants are prevented from continuing their state court action, these assets may be further dissipated or hidden. The state court's contempt powers are necessary to compel Fuller's compliance and ensure that assets are recovered.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Movants respectfully request that this Court:

1. Grant Movants' Motion for Relief from the Automatic Stay to allow Movants to proceed with their state court litigation in Cause No. DC-24-08435, currently pending in the 134th Judicial District Court of Dallas County, Texas;

2. Authorize Movants to pursue their motion for contempt and all other claims and remedies in the state court, including enforcement of the Temporary Injunction and Receivership Order;

3. Waive the 14-day stay of the Order under Bankruptcy Rule 4001(a)(3), allowing Movants to immediately continue their state court proceedings upon entry of the order; and

4. Grant any other and further relief to which Movants may be justly entitled.

Respectfully submitted,

**FARMER & COKER, PLLC**

/s/*Kaitlyn M. Coker*

        **KAITLYN M. COKER**
        State Bar No. 24115264
        kaitlyn@farmercoker.com

        901 Main St., Ste. 5330
        Dallas, Texas 75202
        Tel:    (214) 948-8333

        **ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on October 15, 2024 in accordance with the Federal Rules of Civil Procedure.

        /s/*Kaitlyn M. Coker*
        **KAITLYN M. COKER**