IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Nathan A. Fuller,<br><br>              Debtor. | ) Chapter 7<br>)<br>) Case No. 24-34773 (JPN)<br>)<br>)<br>)<br>) |
| In re:<br><br>Privvy Investments, LLC.<br><br>              Debtor. | )<br>) Chapter 7<br>)<br>) Case No. 24-35346 (JPN)<br>)<br>)<br>) |

**TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 7 CASES AND GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED NO LATER THAN NOVEMBER 18, 2024.**

Ronald J. Sommers, (the "Trustee"), the duly appointed chapter 7 trustee for the estates of Nathan A. Fuller ("Fuller") and Privvy Investments, LLC ("Privvy" and collectively, the "Debtors") respectfully states as follows in support of this motion:

## Basis for Emergency Relief

1. The relief sought in this Motion will save costs and avoid undue administrative burden and confusion among creditors if granted immediately. The Trustee intends to promptly begin filing motions that are applicable to both the Fuller and Privvy cases because the assets and liabilities of each estate appear to be largely overlapping. Moreover, this Motion is solely procedural in nature, and no party's substantive rights will be impaired. Accordingly, the Trustee requests that the Court approve the relief requested in this Motion on an emergency basis.

## Relief Requested

2. The Trustee seeks entry of an order, substantially in the form attached hereto (the "Order") authorizing the joint administration of the Debtors' chapter 7 cases for procedural purposes. As set forth in the Order, the Trustee requests that the United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for the two jointly administered cases under the case of Nathan A. Fuller, and that the cases be administered under a consolidated caption, as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| NATHAN A. FULLER AND PRIVVY INVESTMENTS, LLC,[1] | ) ) ) ) | Case No. 24-34773 (JPN) |
| | ) ) | (Jointly Administered) |
| Debtors. | ) | |

3. The Trustee further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). The Trustee also requests that a docket entry, substantially similar to the following, be entered on the docket in the Privvy case, to reflect the joint administration of these chapter 7 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 7 cases of: Nathan S. Fuller Case No. 24-34773, and Privvy Investments, LLC Case No. 24-35346. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-34773.**

### Jurisdiction and Venue

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Trustee confirms his consent to the entry of a final order by the Court.

---

[1] The Debtors in these chapter 11 cases are Nathan A. Fuller and Privvy Investments LLC (EIN 92-1827837).

15665442

5. Venue is proper pursuant to 28 U.S.C. § 1408.

6. The statutory bases for the relief requested herein are sections 342 and 101(2) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

## Background

7. On October 10, 2024, Fuller filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee is the duly appointed chapter 7 trustee in the Fuller case.

8. Given the overlap of assets and liabilities between the schedules in the Fuller case and the assets and liabilities of Privvy, the Trustee obtained an order from this Court authorizing him to file a chapter 7 case for Privvy, which he did on November 13, 2024. The Trustee was also appointed as the chapter 7 trustee in the Privvy case.

9. The relief requested herein seeks that the cases be administered under a single docket, by the same judge and by a single chapter 7 trustee.

10. Prior to filing the Motion, counsel to the Trustee conferred with counsel for the Office of the United States Trustee and confirmed that it had no opposition to the Trustee serving as the chapter 7 trustee in both cases.

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 7 cases.

12. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Bankruptcy Local Rules authorize the Court to grant the relief requested herein.

13. Joint administration of these chapter 7 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The motions, hearings, and orders in these chapter 7 cases will affect each of the Debtors. The entry of an order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 7 cases with greater ease and efficiency.

14. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 shall include certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtor in the previous eight years. Fed. R. Bankr. P. 2002(n). All pleadings filed and each notice mailed by the Trustee will include a footnote listing both Debtors and Privvy's tax identification number. Therefore, the Trustee believes that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

15. To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code or Bankruptcy Rule 2002(n) is warranted. Including other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the

Trustee proposes to include in each pleading that he files, and notice that he mails, a footnote listing both Debtors and Privvy's tax identification numbers.

16. Further, Bankruptcy Local Rule 1015-1 details the information that must be included in a request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This motion and the Order satisfy these requirements.

17. For the reasons set forth above, the Trustee respectfully submits that the relief requested herein is in the best interests of all parties in interest and, therefore, should be granted.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem appropriate under the circumstances.

Dated: November 15, 2024.

        Respectfully submitted,

        **PORTER HEDGES LLP**

By:    */s/ Aaron J. Power*
        Aaron J. Power
        State Bar No. 24058058
        Grecia V. Sarda
        State Bar No. 24132092
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6000
        (713) 228-1331 (fax)

*Proposed Counsel for the Trustee*

15665442

## Certificate of Service

    I certify that on November 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                          */s/ Aaron J. Power*
                                                          Aaron J. Power

15665442