UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| NATHAN A. FULLER AND PRIVVY INVESTMENTS, LLC,[1] | § § | Case No. 24-34773 (JPN) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**TRUSTEE'S SECOND STATUS REPORT AND REQUEST FOR HEARING
REGARDING ORDER OF CIVIL CONTEMPT**
[Relates to Doc. No. 143]

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. on July 29, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Ronald J. Sommers, (the "Trustee"), the duly appointed chapter 7 trustee for the estates of Nathan A. Fuller ("Fuller") and Privvy Investments, LLC ("Privvy" and collectively, the "Debtors") files this Second Status Report and Request for Hearing Regarding Order of Civil Contempt (Doc. No. 143).

## Civil Contempt Order

1. On June 24, 2025, the Court held a hearing on the Trustee's motion for turnover directed at Nathan Fuller. The Court entered an Order Granting Motion for Turnover of Computers, Servers, External Drives, and Related Passwords and Access Information (Doc. No. 130).

---

[1] The Debtors in these chapter 11 cases are Nathan A. Fuller and Privvy Investments LLC (EIN 92-1827837).

1

17329489

2. On June 26, 2025, the Court found that Fuller failed to comply with the turnover order and entered the Order of Civil Contempt (Doc. No. 143) and Fuller was taken into custody.

3. On July 17, 2025, at the Trustee's request, this Court held a status conference during which Fuller again testified and contradicted nearly every part of his prior testimony. Among other things, he admitted that (i) Privvy had become a Ponzi scheme in 2023, (ii) he had falsely claimed ownership of two cryptocurrency wallets containing more than $3.5 million of assets, and (iii) he fabricated a story about the pre-petition receiver stealing his computer, server and external drives which led the Trustee and his consultants on a wild goose chase.

4. The Trustee files this Status Report to update the Court on what has transpired since Fuller testified at the status conference on July 17, 2025.

## Update Following Status Conference

5. On July 22, 2025, the Trustee's counsel and Richard Peters of HKA Global, the Trustee's cryptocurrency consultant, met with Fuller while in custody at the Joe Corley Processing Center in Conroe, Texas for approximately eight hours. Additionally, the Trustee himself was present for approximately the first two hours of this meeting.

6. The purpose of the meeting was for the Trustee to gain control of and access to all the Debtors' known email accounts, electronic devices, cryptocurrency accounts, and other online cash or banking accounts, as well as locate key business records of Privvy Investments on the computer in HKA's possession.

7. During this meeting, Fuller answered all questions that were asked of him and complied with all of HKA's requests for usernames and passwords. HKA continues to be completely locked out of the iPhone which was taken from Fuller in October 2024. However, the day prior to this meeting, Fuller directed his sister to turn over a new iPhone which Fuller used

17329489

from October 2024 until being taken into custody on June 26, 2025.  Access to this phone was critical to HKA gaining access to the Debtors' accounts, many of which used facial recognition instead of a password.

8. The following is a summary of the tasks completed by HKA and Trustee's counsel during the July 22, 2025 meeting with Fuller:

    a. HKA took possession of the new iPhone, which includes text messages and messages in WhatsApp and Telegram.

        i. Additionally, HKA was able to access Fuller's iCloud account.

    b. HKA gained access and changed the password to three email addresses including two personal gmail accounts and the admin@privvyinvestments.com account.

    c. HKA gained access and changed the password to approximately ten (10) cryptocurrency exchange accounts including what appear to be the key accounts which Coinbase, Kraken, Crypto.com, MetaMask, TrustWallet and others.

    d. HKA gained access and changed the password to Fuller's Stake.us online gambling account.

    e. HKA gained access and changed the password to Fuller's Paypal and CashApp accounts.

    f. Fuller directed Trustee's counsel to files on the White Corsair PC which may help the Trustee determine which investors received more distributions than their original investment.

    g. Trustee's counsel had Fuller review the claims register in these cases and provide what information he could recall about each creditor who has filed a proof of claim.

    h. Trustee's counsel discussed potential claims against several individuals with Fuller against whom avoidance actions may be filed.

**Request for Hearing and Entry of Conditional Order of Release**

9. The focus of HKA and counsel's meeting with Fuller was to gain access to all of the Debtors' emails, communications and cryptocurrency accounts and wallets and then to change all of the passwords so that Fuller cannot access these accounts upon release.  This process was cumbersome given the need to try multiple combinations of usernames and passwords and go

17329489

through the process of resetting the passwords. There was little time to review the data in these accounts. Accordingly, HKA will need additional time to download, process, and analyze data from all of these accounts, as well as cross reference this data with other known wallets and transfers of the Debtors.

10. Based on the cooperation provided at the July 22, 2025 meeting, the Trustee believes that Fuller should not continue to be held in custody while HKA continues its analysis. At this time, Fuller has provided passwords and access to all of the accounts that HKA and the Trustee requested from him.

11. The Trustee's immediate concern on June 26, 2025 was Fuller's claim to ownership of two cryptocurrency wallets containing over $3.5 million and which showed significant post-petition activity, including transfers to an online casino called Stake. Fuller provided access to a Stake account which did not show deposits corresponding to the transfers out of those two cryptocurrency wallets. HKA has yet to locate any transfers or other evidence which would tie those two wallets to the Debtors.

12. The contempt order directed the U.S. Marshals to hold Fuller in custody until he (i) turned over the missing computer, server and external drives and (ii) provided the private keys and other information necessary to take control of the Debtors' cryptocurrency wallets. Regarding the missing computers and storage devices, the Debtor has now testified that such items never really existed or, in the case of the PC, was stolen nearly a year before the petition date. The Trustee has no basis to dispute this new testimony. Regarding the wallets, Fuller appears to have complied and provided the Trustee access to the Debtors' wallets. While the Trustee remains skeptical that he has received every wallet tied to the Debtors, HKA cannot currently prove that there are any wallets that are being withheld.

13. Given Fuller's history of deceit and misdirection prior to and during this case, the Trustee believes that Fuller's release from custody should be conditioned on his ongoing commitment to cooperate with HKA and the Trustee in their investigation. While Fuller appears to have granted the Trustee access to all known accounts, the Trustee is concerned that HKA's investigation may uncover new wallets or accounts for which additional assistance from Fuller is required.

14. The Trustee requests a hearing regarding the status of Fuller's efforts to purge himself of contempt at the Court's earliest convenience. At the conclusion of this hearing, the Trustee anticipates recommending the Court enter the order attached hereto as <u>Exhibit A</u> which would release Fuller from custody subject to certain conditions related to his further cooperation.

WHEREFORE, the Trustee requests the Court enter the attached order scheduling a hearing on the status of Fuller's contempt and for such other and further relief as is just.

Dated: July 25, 2025.

Respectfully submitted,

**PORTER HEDGES LLP**

By:    <u>/s/ Aaron J. Power</u>
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

*Counsel for the Trustee*

## **Certificate of Service**

I certify that on July 25, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron J. Power*
Aaron J. Power

17329489