UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **NATHAN A. FULLER AND PRIVVY** | § | |
| **INVESTMENTS, LLC,**[1] | § | **Case No. 24-34773 (JPN)** |
| | § | |
| Debtor. | § | **(Jointly Administered)** |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH ASHLEY FULLER
AND KEAN MILLER LLP PURSUANT TO BANKRUPTCY RULE 9019**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 16, 2025, AT 1:30 P.M. (CST) BEFORE JUDGE JEFFREY P. NORMAN IN COURTROOM 403, UNITED STATES COURTHOUSE, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE JEFFREY P. NORMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Ronald J. Sommers, chapter 7 trustee (the "Trustee") for Nathan A. Fuller and Privvy

Investments, LLC (the "Debtors"), files this Motion to Compromise Controversy with Ashley

---

[1] The Debtors in these chapter 7 cases are Nathan A. Fuller and Privvy Investments LLC (EIN 92-1827837).

17335001

Fuller ("<u>Ashley Fuller</u>") and Kean Miller LLP ("<u>Kean Miller</u>") pursuant to Bankruptcy Rule 9019 (the "Motion").

## SUMMARY

1.     The Trustee initiated an adversary proceeding against Ashley Fuller seeking to avoid and recover transfers totaling approximately $1,061,383.83 consisting of the purchase of real property located at 15518 Kerrville Court, Cypress, Texas 77429 (the "<u>Kerrville Property</u>") and a Jeep vehicle (the "<u>Jeep</u>"). The Trustee seeks approval of a compromise with Ashley Fuller regarding claims related to the Kerrville Property and the Jeep, and also a compromise with her counsel, Kean Miller, regarding the funds it received as a initial retainer and subsequent payments to from Ms. Fuller (the "<u>KM Payments</u>").

2.     The proposed settlement allows Ashley Fuller to remain at the Kerrville Property until August 15, 2025, and she may keep or sell the furniture and personal property at the Kerrville Property until that date.  The Trustee will retain 100% of the net sales proceeds from both the Kerrville Property and the Jeep, plus Kean Miller will turn over the entire $10,000 in KM Payments it received from Ms. Fuller to the estate.  Additionally, Ashley Fuller shall respond to limited discovery requests from the Trustee, which remain outstanding and may assist the Trustee in asserting avoidance actions against other parties.

## BACKGROUND

### *The Adversary Proceeding*

3.     Privvy made the following transfers to or for the benefit of Ashley Fuller (the "<u>Transfers</u>"):

     a. On October 12, 2023, the Debtors transferred $999,798.28 to Alamo Title Company for the purchase of the Kerrville Property, which was titled in Ashley Fuller's name.

17335001

b. On February 7, 2023, the Debtors paid $61,585.55 to Northwest Chrysler Jeep Dodge for the purchase of a Jeep vehicle titled in Ashley Fuller's name.

4.      On December 11, 2024, the Trustee filed an adversary proceeding against Ashley Fuller (Adv. Pro. No. 24-3267) seeking to avoid and recover the Transfer for the purchase of the Kerrville Property as a fraudulent transfer.

5.      On May 15, 2025, the Trustee filed an amended complaint in the adversary proceeding which added claims seeking to avoid and recover the Transfer for the purchase of the Jeep as a fraudulent transfer.

6.      Ashley Fuller answered the adversary proceeding and asserted that the Transfers totaling over $1 million were the withdrawal of profit from her initial investment.  In support of this position, she produced alleged Privvy account statements which purport to show that she invested $16,000.00 on September 30, 2022, and that investment was allegedly worth $1,244,672.26 by June 23, 2023.

7.      The Trustee served discovery request on Ashley Fuller which have not been answered and remain outstanding.

8.      The adversary proceeding is scheduled for a trial on October 6, 2025.

***Nathan Fuller's Recent Testimony***

9.      On July 17, 2025, at the Trustee's request, this Court held a status conference during which Fuller testified and contradicted nearly every part of his prior testimony.  Among other things, he admitted that (i) Privvy had become a Ponzi scheme in 2023, (ii) he began fabricating account statements for investors to cover up the Ponzi scheme beginning in February 2023, (iii) he had falsely claimed ownership of two cryptocurrency wallets containing more than $3.5 million of assets, and (iv) he fabricated a story about the pre-petition receiver stealing his computer, server and external drives, which led the Trustee and his consultants on a wild goose chase.

3

17335001

***Potential Claims Against Kean Miller***

10.     Kean Miller received the initial KM Payments from an entity named Pitches Be Crazy, LLC ("PBC") for payment of Ashley Fuller's legal fees. PBC was created by Ashley Fuller to sell sports memorabilia that primarily belonged to the Debtors. Numerous sports memorabilia purchases were made with Privvy investor funds, but when those items were sold, the proceeds went to PBC rather than Privvy. The Trustee takes the position that any funds previously or currently held by PBC are either property of the estate held in trust or were subject to avoidance and recovery under chapter 5. Kean Miller also received KM Payments from an Ashley Fuller account to which Nathan Fuller frequently made deposits.

11.     The KM Payments total $10,000. The Trustee asserts that all of these funds were either property of the estate or traceable to transfers of property of the estate.

12.     The Trustee may assert claims against Kean Miller for recovery of fees paid with fraudulently transferred funds or seek sanctions or disgorgement related to the source of the KM Payments.

***The Sale of the Jeep***

13.     Albert Black, a state-court appointed receiver, took possession of the Jeep because it was titled in Ashley Fuller's name.

14.     On July 14, 2025, the Trustee filed his Motion for Order Approving Agreement with State Court Receiver Regarding Sale of Jeep and Treatment of Proceeds (Doc. No. 156). This motion is set for hearing on August 12, 2025. As set forth in this motion, the Receiver was seeking approval in state court to sell the Jeep but had agreed that he would turn over the net proceeds to the Trustee to hold pending the outcome of the adversary proceeding.

17335001

15.     On July 21, 2025, the state court in *F2 Equities, LLC, et al. v. Privvy Investments, LLC, et al.*, Cause No. DC-24-08435, entered an order authorizing the court-appointed receiver to sell the Jeep vehicle and determining that it is non-exempt property.

## THE PROPOSED COMPROMISE

16.     The Trustee, Ashley Fuller, and Kean Miller have agreed to resolve all disputes regarding the Transfers and potential claims against Kean Miller as follows:

*Kerrville Property:*

- Ashley Fuller may continue to reside at the Kerrville Property until August 15, 2025 and must vacate on that same date;

- The Trustee will not list the Kerrville Property for sale until August 16, 2025 or later;

- Ashley Fuller must maintain insurance on the Kerrville Property while residing there and must list the Trustee as an additional insured;

- Ashley Fuller must provide all keys and access codes to the Trustee upon vacating the Kerrville Property;

- All appliances must remain in the Kerrville Property and cannot be sold by Ashley Fuller;

- All fixtures and lighting must remain in the Kerrville Property and cannot be sold by Ashley Fuller;

- Ashley Fuller must leave the Kerrville Property in broom-swept condition with the lawn maintained in reasonable condition upon move out;

- Ashley Fuller shall execute a general warranty deed transferring title of the Kerrville Property to the Trustee; and

- The Trustee will retain 100% of the net sales proceeds from the sale of the Kerrville Property.

*Personal Property:*

- Ashley Fuller may sell personal property located in the Kerrville Property prior to moving out and will retain the sales proceeds from such personal property sales.

- Ashley Fuller may alternatively keep such personal property provided that it is removed from the Kerrville Property prior to August 15, 2025.

17335001

- Ashley Fuller waives any interest in the personal property left at the Kerrville House on August 15, 2025, which shall be deemed abandoned by Ashley Fuller. The Trustee may dispose of or sell such property that remains in the Kerrville House past August 15, 2025.

*Jeep Vehicle:*

- The Trustee will retain 100% of the net sales proceeds from the sale of the Jeep.

*Discovery Responses:*

- Ashley Fuller will respond to pending discovery requests by July 31, 2025, with the following limitations:

    1. Ashley Fuller is not required to respond to requests for admission;

    2. Ashley Fuller will answer only Interrogatories Nos. 1-9; and

    3. Ashley Fuller will produce documents responsive only to Requests for Production Nos. 1-4, 6-7, 11-12, 16-17, and 20.

*Limited Release:*

- Upon receipt of the deed to the Kerrville Property and Ashley Fuller vacating the Kerrville Property in accordance with the terms set forth above, the Trustee will provide a limited release of any claims that have been or could have been asserted which are in any way related to the Transfers related to the Kerrville Property and the Jeep only.

- For the avoidance of doubt, the Trustee is not releasing Ashley Fuller of any transfers (whether known or unknown) which are not the specific Transfers in the adversary proceeding related to the purchases of the Kerrville Property and the Jeep.

*Kean Miller Settlement:*

- Kean Miller LLP will pay the estate $10,000, representing the entire amount of the KM Payments.

- The Trustee will not pursue claims for sanctions or disgorgement against Kean Miller LLP related to their representation of Ashley Fuller or the source of the KM Payments.

- The Trustee will not oppose Kean Miller's withdrawal as counsel for Ashley Fuller.

## **MERITS OF THE PROPOSED COMPROMISE**

17.    The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390

U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

18.     In determining whether a proposed compromise is fair and equitable, the Court should consider the following factors:

>    (i) the probabilities of ultimate success should the claim be litigated;

>    (ii) the complexity, expense, and likely duration of litigating the claim;

>    (iii) the difficulties of collecting a judgment rendered from such litigation; and

>    (iv) all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424.

19.     The Fifth Circuit has further elaborated on the factors to be considered in evaluating the wisdom of a proposed settlement.  One factor to be considered is "the paramount interest of creditors with proper deference to their reasonable views."  *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996).  Another factor bearing on the wisdom of the compromise is the extent to which the proposed settlement is the product of arms-length negotiation.  *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1996).  In deciding whether to accept a compromise, a trustee is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation.  *In re Mailman Stream Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir. 2000).  A court is not to substitute its own judgment for that of the trustee, but rather to "canvass the issues" and determine whether the settlement "falls

17335001

below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 609 (2d Cir. 1983).

20.     The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer*.

<u>**ANALYSIS OF PROPOSED COMPROMISE**</u>

*Probabilities of Ultimate Success*

21.     The Trustee has extremely strong claims for recovery of the Transfers as actual and constructive fraudulent transfers under both federal and state law. The evidence clearly establishes that: (i) the Transfers totaling over $1 million occurred during a time when Privvy was operating as a Ponzi scheme and was insolvent; (ii) Ashley Fuller received no reasonably equivalent value in exchange for the Transfers; (iii) the Transfers were made with actual intent to hinder, delay, or defraud creditors; and (iv) the Transfers occurred within the applicable lookback periods.

22.     However, Ashley Fuller has asserted various affirmative defenses including claims that she provided reasonably equivalent value, that the funds were her separate property under the "earmarking doctrine," and that she acted in good faith. These defenses could require additional factual development and complex legal analysis.

23.     In terms of Section 550, the Trustee's compromise is recovering 100% of the current value of the Property that was acquired with the fraudulent transferred funds.  However, the Jeep has already sold for substantially less than it was purchased and it is possible that the Kerrville House could sell for less than it was purchased by Ashley Fuller.  The Trustee's decision to compromise for the current value of the Kerrville Property and the Jeep is not based on the probabilities of success, but rather on the collectability of a judgment for the amount of the Transfers against Ashley Fuller.

8

17335001

24.     Similarly, the Trustee believes that he has strong claims against Kean Miller for recovery of attorney fees paid with potentially fraudulent funds.  The $10,000 settlement payment from Kean Miller represents the full amount of fees they received, providing 100% recovery without the costs and uncertainties of pursuing these claims through litigation.

***Complexity, Expense, and Likely Duration***

25.     Continued litigation of this adversary proceeding would require additional discovery, including document production, depositions of multiple parties, analysis of the Privvy operation, and complex legal analysis of fraudulent transfer law. The case involves intricate facts regarding the Ponzi scheme operation, the relationship between Ashley Fuller and Nathan Fuller, and the source and application of investor funds.

26.     Similarly, any claims against Kean Miller could necessitate additional depositions, document discovery, and legal briefing on complex professional responsibility and recovery issues.

27.     The Trustee estimates that the estate would incur $75,000 to $100,000 in attorney's fees and costs to prosecute the claims against Ashley Fuller through trial, plus additional fees for any claims against Kean Miller, which could potentially exceed the $10,000 in controversy. These administrative expenses would directly reduce the net recovery available to creditors. Moreover, the trial is not until October 2025, which would allow Ashley to live in the Kerrville House and put that property at risk of damage for another three months. The proposed compromise allows for immediate resolution and monetization of the assets within a defined timeline.

28.     The proposed compromise avoids litigation costs, provides certainty of recovery, and allows for immediate resolution and monetization of the assets within a defined timeline.

*Difficulty in Collecting Judgment*

29.     Based on the Trustee's discovery to date and his current understanding of Ashley Fuller's financial condition, she does not have any assets which could satisfy a judgment of over $1 million.  She is not working and has no source of current income.  Therefore, the Trustee believes that recovery and liquidation of the Kerrville Property and the Jeep provide a better path to recovery than a $1+ million money judgment against Ashley Fuller.

*Other Factors*

30.     The settlement allows Ashley Fuller reasonable time to transition from the Kerrville Property while ensuring the estate receives the full economic benefit of both transferred assets. The transition period until August 15, 2025, provides an orderly process for vacating the property while protecting the estate's interests through insurance requirements and property maintenance obligations.

31.     The limited discovery responses provide the Trustee with information which may be valuable for the Trustee's ongoing investigation and potential claims against other parties.

32.     The settlement resolves not only the fraudulent transfer claims against Ashley Fuller but also potential professional responsibility and fee recovery claims against Kean Miller, providing comprehensive resolution and avoiding the complexity of multi-party litigation.

33.     The estate has practically no cash in it.  The $10,000 from the Kean Miller settlement will allow the Trustee to insure the Kerrville House, maintain it, and perform necessary repairs which will increase the value of the Kerrville House.

34.     The settlement represents a sound exercise of the Trustee's business judgment, balancing the potential rewards of litigation against the inherent risks, costs, and delays.  The

17335001

Trustee's determination that the settlement is in the best interests of the estate and its creditors is entitled to appropriate deference.

35.     The proposed settlement is the product of extensive arms'-length negotiations between all parties and their counsel. The settlement terms were not reached hastily, but resulted from careful consideration of the strengths and weaknesses of the respective parties' positions.

36.     The settlement serves the paramount interests of creditors by: (i) providing certainty of recovery; (ii) avoiding substantial administrative expenses; (iii) ensuring a timeline for asset monetization; (iv) eliminating litigation risks; and (v) providing immediate cash through the Kean Miller payment.

## CONCLUSION

In conclusion, the Trustee requests the Court enter the attached order approving the compromise with Ashley Fuller and Kean Miller. The proposed compromise will benefit all creditors of the estate and is a sound exercise of the Trustee's business judgment.

**Dated: July 28, 2025.**

Respectfully submitted,

**Porter Hedges LLP**

By:     */s/ Aaron J. Power*
        Aaron J. Power
        State Bar No. 24058058
        Adriana T. Young
        State Bar No. 24138188
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6000
        (713) 228-1331 (fax)

        **Counsel for Ronald J. Sommers, Trustee**

17335001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on July 28, 2025.

*/s/ Aaron J. Power*
Aaron J. Power

17335001

## SERVICE LIST

Canei Capital Group LLC
12505 MEMORIAL DR STE 330
Houston, TX 77024-6051

Conn Appliances, Inc.
c/o Becket and Lee LLP
PO Box 3002
Malvern, PA 19355-0702

F2 Equities, LLC
undeliverable

JK Capital Partners, LLC
4200 RESEARCH FOREST DR
SUITE 300
The Woodlands, TX 77381-4567

United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Aaron Garcia
11211 Rousseau Dr
Houston, TX 77065-2027

Adil Ahmed
Unknown
undeliverable

Alfredo Morales
2652 Bad Rock Cir
Henderson, NV 89052-1000

Allied Express
1111 Witte Rd
Houston, TX 77055-6018

Amanda Thomas
4127 Monticello Terrace Ln
Katy, TX 77449-1886

Andrew Franck
9302 Bauer Oaks Drive
Houston, TX 77095-7206

Andrew Jimenez
705 North Minnesota Road
Austin, TX 78754

Anthony Tucker
16919 Kilwinning Dr
Houston, TX 77084-1841

Anton Ginco
unknown
undeliverable

Antonios Fiotakis
256 Dallas Road North
North Brunswick, NJ 08902-3114

Artur Nazaryan
8213 Boseck Dr
Las Vegas, NV 89145-2421

Ashleigh Fisher
1948 Day Break Dr
Lancaster, TX 75146-4950

Ashley Floyd
1620 Upland Lks
Houston, TX 77043-4734

Ashley Fuller
15518 Kerrville Ct
Cypress, TX 77429-6092

Ashley Walker
13102 Grantham Ridge Ct
Rosharon, TX 77583-2593

Automation Syndication
5900 Balcones Dr Ste #100
Austin, TX 78731-4298

Beatriz Benitez
18211 Hayden Lakes Dr
Cypress, TX 77429-6671

Belinda Smith
1510 Biltmore Way
Saint Peters, MO 63376-2390

Benjamin Jordan Toala
10795 SE Leopard Ln
Damascus, OR 97089-5672

Beth Clark
24802 Brattle Dr
Katy, TX 77494-1818

Brandon Reid
519 Somerville Ave #177
Somerville, MA 02143-3347

Brian Huston
6779 County Road 302
Navasota, TX 77868-6170

Briana Gomez
28050 Trade Winds Ct
Rosharon, TX 77583-5070

Bruce Walker
603 N Pine St # A
Rosharon, TX 77583-3338

Bryan Watthuber
6008 GlenCove Unit #C
Houston, TX 77007-7008

Bryan Zascavage
61 SE 11th St
Pompano Beach, FL 33060-8831

Buffy Lawrence
unknwon
undeliverable

CJ Hixon
12802 Azalea Creek Trl
Houston, TX 77065-3209

Canei Capital Group LLC
11807 Westheimer Rd #550-427
Houston, TX 77077-6789

Carla Tamper
10568 Highway 7 W
Marquez, TX 77865-4554

Carrie Parish
14130 Eventide Dr
Cypress, TX 77429-2538

Celeste Bianchi
618 Beverly Arbor Ave
Las Vegas, NV 89183-6241

Chad Schwartz
28618 Cabrera Hill Ln
Katy, TX 77494-4109

Chameira Salcedo
4000 W 34th St Apt 24
Houston, TX 77092-6917

Charles Jamison
unknown
undeliverable

Chase Clark
24938 Lakecrest Glen Dr
Katy, TX 77493-4012

Chase Schwartz
20511 S Blue Hyacinth Dr
Cypress, TX 77433-6697

Chi Ngyuen
5035 Aspen Orchard Dr
Houston, TX 77066-1306

Christian Lenderman
13920 Mandolin Drive Apt 2105
Houston, TX 77070-1390

Christopher Brito
3094 Mackenzi Ln Apt #1
York, PA 17408-9279

Christopher Jones
unknwon
undeliverable

Christopher Porter
3901 E Bamboo Dr
Harvey, LA 70058-5820

Cindy Angell
6202 Marble Hollow Ln
Katy, TX 77450-5895

Conn Appliances, Inc.
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-0702

DJ Rogers
5610 Schuler St
Houston, TX 77007-3272

Daniel Romanesse
5920 W Dewey Dr
Las Vegas, NV 89118-6037

David Scher
3059 Lenoir St
Las Vegas, NV 89135-2226

DeFi Referrals
5920 W Dewey Dr
Las Vegas, NV 89118-6037

Dennis Gomez
unknown
undeliverable

Edwan Thurmond
35 E Horizon Ridge Pkwy Ste
#110-45
Henderson, NV 89002-7905

Edward Archer
3602 Apoethecary St
District Heights, MD 20747-2999

Elaine Santiago
18435 Forest Dew Dr
Katy, TX 77449-7224

Elsie Kupka
11607 Chuckson Dr
Houston, TX 77065-2120

Emily WU
2618 Coopers Post Ln
Sugar Land, TX 77478-4124

Emmett Cheri
1620 Upland Lks
Houston, TX 77043-4734

Eric Alas
1918 Walnut Green Cir
Rosenberg, TX 77471-1719

Erica Leday
23707 Mesquite Trail Ln
Spring, TX 77373-7986

Erika Rice
1216 Running Waters Dr
Saint Charles, MO 63304-2411

Eugene Sweazie
15107 FM 2100 Suite D
Crosby, TX 77532-1655

F2 Equities
427 Trace Way Dr
Montgomery, TX 77316-6852

F2 Equities
C/O Farmer & Coker, PLLC.
400 S. Zang Blvd., Suite 350
Dallas, TX 75208-6604

GAI Investments
1054 53rd Avenue North
Saint Petersburg, FL 33703-2738

Gabriel Guzman
17003 Muddy Spring Dr
Cypress, TX 77433

George Ramirez
14131 Timberhaven Dr
Houston, TX 77066-5408

Greg Durr
14819 Cross Stone Ct
Cypress, TX 77429-2690

Healthrite Pharmacy
15107 FM 2100 Suite D
Crosby, TX 77532-1655

Herman Cadoree
unknown
undeliverable

Ilias Hantsoulis
J30 Bunker Hill Run East
East Brunswick, NJ 08816

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Irma Benitez
9934 Memorial Crossing Dr
Tomball, TX 77375-4544

JK Capital Partners LLC
9006 Willow Springs Ln
Conroe, TX 77302-3496

JK Capital Partners LLC
C/O Farmer & Coker, PLLC.
400 S. Zang Blvd., Suite 350
Dallas, TX 75208-6604

Jaime Taylor
19742 Tacoma Bluff Dr
Cypress, TX 77433-4780

Jamaal Mosley
4511 Sanctuary Trails Dr
Spring, TX 77388-2630

James Stringer
9501 Towne Lake Pkwy
Cypress, TX 77433

Jared Yanez
20622 Tupelo Ridge Rd
Richmond, TX 77406-1555

Jarrett Pearson
3363 Bachelor St
Atlanta, GA 30344-5029

Jaz Thomas
4127 Monticello Terrace Ln
Katy, TX 77449-1886

Jennifer Herman
12719 Azalea Creek Trl
Houston, TX 77065-3208

Jeremy Beard
20722 Round Key Dr
Hockley, TX 77447-3093

Jessica Trujillo
4819 Glenvillage St
Houston, TX 77084-2548

Joel Farr
unknown
undeliverable

John Vallery
13411 Cricklewood Creek Ln
Houston, TX 77083-6073

Jose Aguilar
unknown
undeliverable

Josef Roberts
unknown
undeliverable

Joshua Scott
7619 Roebourne Ln
Houston, TX 77070-3726

Joshua Wheat
9519 Brannok Ln
Tomball, TX 77375-3386

Joslyn Truitt
unknown
undeliverable

4-34773
Justin Bigsby
603A N Pine St
Rosharon, TX 77583-3338

Katelyn Parrish
18143 Calcaterra Ct
Cypress, TX 77429-8154

Keila Leal
19114 Brindled Bay Ct
Tomball, TX 77377-2877

Kyriakos Likakis
936 Shepard Ave North
North Brunswick, NJ 08902-2253

LaDonna Yates
2016 Main St Apt 1003
Houston, TX 77002-8800

Laura Ivester
10679 Timber Stand St # 10679
Las Vegas, NV 89183-4914

Linda Leal
21407 Chester Cliff Ln
Katy, TX 77449-6461

Lisa Gonzalez
19819 Rose Dawn Ln
Spring, TX 77379-5135

Luke Dildly
13630 Treebank Ln
Houston, TX 77070-2869

Mallory Buckner
9519 Brannok Ln
Tomball, TX 77375-3386

Marcelyn Elam
5111 Saxon Dr
Houston, TX 77092-5541

Marcus Wiley
1614 Holman St
Houston, TX 77004-3839

Maria Frias
19211 Caledonia Dr
Katy, TX 77449-4505

Marisa Arce
1305 Yorktown St
Richmond, TX 77469-1642

Mark Swist
1958 W Gray St Apt 1114
Houston, TX 77019-4845

Marlon Castro
unknown
undeliverable

Mary Lue Kopech
8007 Bova Rd
Houston, TX 77064-8003

Matthew Modesette
14244 SW Gold Coast Ter
Portland, OR 97224-5259

Megan Parsons
22707 Cosburn Ln
Tomball, TX 77375-1178

Melanie Dillon
2256 Leon C Simon Dr
New Orleans, LA 70122-4324

Mia Wallace
801 Lake Carolyn Pkwy Apt 3041
Irving, TX 75039-4671

Michael Espinoza
19534 Grand Colony Ct
Katy, TX 77449-4544

Michael Herrera
unknown
undeliverable

Mike Stockton
12702 Bounty Ln
Tomball, TX 77377-8402

Mike Trekell
12847 Carvel Ln
Houston, TX 77072-4524

Milana Moshero
1258 E Charleston Ave
Phoenix, AZ 85022-1249

Mohammad Honari
1600 S Maryland Pkwy
Las Vegas, NV 89104-3316

Myra Hill
8014 Downington Ct
Spring, TX 77379-6139

Nate Gordon
18118 Crown Lake Cir
Spring, TX 77379-1509

Nick Brown
3300 Harvest Time Cv
Austin, TX 78754-5911

Niesha Jones
unknown
undeliverable

Nina Durr
14819 Cross Stone Ct
Cypress, TX 77429-2690

Noble Attorney LLC
2822 Pine Tree Dr Apt 2
Miami Beach, FL 33140-4365

Opportunity Holdings LLC
4311 Oakwood Ln
West Des Moines, IA 50265-5423

Phillip Feiner
18019 San Gabriel Glen Dr
Cypress, TX 77433-2181

Phillip Manuel
unknown
undeliverable

Phillip Yates
2016 Main St Apt 1003
Houston, TX 77002-8800

Purnell Lewis
7316 Dogwood Dr
New Orleans, LA 70126-2004

Rachel Weber
11307 Angelique Dr
Houston, TX 77065-2059

Raymond F Harkness
6553 Monte Bello Ridge Ln
Houston, TX 77041-6227

Reagan Phillips
30457 Butternut Oak Ln
Magnolia, TX 77355-4373

Reality Real Estate LLC
37140 29th Pl E
Palmdale, CA 93550-4487

Regus
1177 Avenue of the Americas,
5th Floor
New York, New York 10036-2714

Reva Smith
15807 Jamie Lee Drive
Houston, TX 77095-3748

Robert Basulto
7574 Garden Galley St
Las Vegas, NV 89139-5666

Romina Anastasescu
601 NE 36th St Apt 2809
Miami, FL 33137-3973

SPS
20919 Summer Trace Ln
Spring, TX 77379-8470

Samuel Gonzalez
19819 Rose Dawn Ln
Spring, TX 77379-5135

Sbeyde Ruiz
10521 Lessona St
Las Vegas, NV 89141-0471

Shae Smith
15807 Jamie Lee Drive
Houston, TX 77095-3748

Shane Taylor
531 Promenade Blvd
Katy, TX 77450-2441

Shawn Thomas
unknown
undeliverable

Shelby Kerr
8311 Sparkling Springs Dr
Houston, TX 77095-3809

Shonnette Lewis
4539 Russet Leaf Trace
Spring, TX 77379

Spergon Wynn
5018 Jason St
Houston, TX 77096-2720

Stephen Danilov
19527 Keesey Creek Circle
Cypress, TX 77433-3972

Stephen Schwartz
15410 Cabot Ridge Ln
Cypress, TX 77429-4899

Sterling Smith
24018 Adobe Ridge Ln
Katy, TX 77493-2931

Steve Lehr
3712 Plum Blossom Ct
Las Vegas, NV 89129-7051

Steven Bentham II
21610 Amber Grain Ln
Cypress, TX 77433-6601

Steven Morrison
9428 Caddo Ridge Ln
Cypress, TX 77433-7857

Susan Kent
14803 E Ginger Spice Ct
Cypress, TX 77433-6195

Teo Subasic
2900 N 79th St
Kansas City, KS 66109-1508

Terrance Wilson
309 Oak Hollow Way
Little Elm, TX 75068-1783

Terry Allen
unknown
undeliverable

Thayz Taqi
18600 S Parkview Dr Apt 1111
Houston, TX 77084-4978

Timothy Reddell Jr
3114 Shallow Creek Dr
Corpus Christi, TX 78410-2336

Tommy Muller
11719 Dakar Dr
Houston, TX 77065-2710

US Trustee
Office of the US Trustee
515 Rusk Ave, Ste 3516
Houston, TX 77002-2604

Viayney Gil
16322 Melody View Ct
Cypress, TX 77429-6144

Walter Macapaz
unknown
undeliverable

Wayne McCormick
20731 Westfield Grove Pl
Katy, TX 77449-2495

Wendell Scott
2020 Eldridge Pkwy Apt 4403
Houston, TX 77077-3535

Wilfredo Castro
unknown
undeliverable

William Piatt
15103 Heron Meadow Ln
Cypress, TX 77429-4641

William Vannoy
unknown
undeliverable

Willis Parrish
8007 Bova Rd
Houston, TX 77064-8003

Yasmine Amouri
6365 Cameo Cove Ave
Las Vegas, NV 89139-6265

Zoltan B Csengeri
69 Contrada Fiore Dr
Henderson, NV 89011-3149

Nathan Alexander Fuller
15518 Kerrville Ct.
Cypress, TX 77429-6092

Ronald J Sommers
Ronald Sommers, Trustee
1400 Post Oak Blvd., Suite 300
Houston, TX 77056-6656

Scott K. Bui
Pham & Bui, PLLC
9999 Bellaire Blvd., Ste 1122
Houston, TX 77036-3579

Goran Subasic
600 E 8th St., Apt 3N
Kansas City, MO 64106.